IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOE H. LUCERO, JR.,

    Plaintiff,

                                              Civ. No. 17-88-RB/KK

vs.

OCWEN LOAN SERVICING, LLC, *et. al*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss with Prejudice, brought under Fed. R. Civ. P. 12(b)(6). (Doc. 7.) Plaintiff Joe H. Lucero, Jr., did not file a response to Ocwen's motion. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court **GRANTS** Ocwen's Motion to Dismiss with Prejudice.

    **I.**    **Background**

On November 7, 2016, the New Mexico State Court entered a final judgment against Lucero. *See Order Granting Plaintiff's Motion Requesting the Court to Hold Defendant in Contempt, for Sanctions, and for Judgment to be Awarded in Favor of Plaintff* ("Final Judgment"). (Doc. 7-1 at 5–14.) The Court ordered that Lucero's Answer and Counterclaim was stricken, and that all of his claims that were or could have been filed in that case were dismissed with prejudice in their entirety. (*Id.* at 12.) The state court action arose out of a foreclosure lawsuit against Lucero. *See HSBC Bank USA, N.A. v. Joe J. Lucero, Jr.*, State of New Mexico, County of Bernalillo, Second Judicial District Court Case No. D-202-CV-2013-09834 ("State

Foreclosure Case"). Because these pleadings are a matter of public record, this Court hereby takes judicial notice of the pleadings filed in the State Foreclosure Case. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1279 n. 1 (10th Cir. 2004); *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts may take notice of proceedings in other courts, both within and outside of the federal courts).

Prior to the State Foreclosure Case, Lucero's mortgage loan was transferred to HSBC Bank USA, N.A., as Indenture Trustee for the Registered Noteholders of Renaissance Home Equity Loan Trust 2007-2 ("the Trust"). Ocwen is the servicer for the Trust and collects payments under the mortgage loan. Lucero defaulted and failed to cure the mortgage loan, so the Trust filed the State Foreclosure Case. Lucero filed a counterclaim against the Trust for breach of contract. (Doc. 7-1 at 15–22.) The Final Judgment advised Lucero that he had the right to appeal the decision, but Lucero chose not to file an appeal. Instead, he filed a new action in state court against Ocwen raising claims that could have been brought in the State Foreclosure Case. *See The people, Joe H Lucero, J., man, prosecutor [plaintiff], v. Ocwen, Loan Servicing, LLC, man(s) or and woman(s) john and or jane does private or public [acting] wrongdoers [defendant]*, State of New Mexico, County of Bernalillo, Second Judicial District Court Case No. D-202-CV-2016-07659 ("New State Case").

Ocwen filed its Notice of Removal (Doc. 1.) on January 17, 2017, and this Motion within seven days, in response to the Complaint.

## II.     Legal Standard

By preventing "parties from contesting matters that they have had a full and fair opportunity to litigate," the preclusion doctrine "protects [against] the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action

by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). Preclusion can take the form of either claim preclusion or issue preclusion.[1]

Congress expressly mandated that federal courts give preclusive effect to valid state court judgments. *See* Full Faith and Credit Act, 28 U.S.C. § 1738. To evaluate the preclusive effect of a state court judgment, a federal court must look to that state's law. *See id.*; *see also Lance v. Dennis*, 546 U.S. 459, 466 (2006). Here, the Court must apply New Mexico law. New Mexico courts' treatment of preclusion is similar to the federal standards. *See Potter v. Pierce*, 342 P.3d 54, 57 (N.M. 2015) ("Federal law and New Mexico law are consistent on the general standards governing claim preclusion.").

Claim preclusion "forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor*, 553 U.S. at 892 (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). In New Mexico, a party asserting claim preclusion must establish:

> [T]hat (1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits.

*Potter*, 342 P.3d at 57 (citing *Kirby v. Guardian Life Ins. Co.*, 231 P.3d 87, 105 (N.M. 2010)). "The decision rests on the prior opportunity to litigate, and neither the type of proceeding nor the damages sought are determinative." *Id.*

On the other hand, issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor*, 553 U.S. at 892 (quotations

---

[1] Preclusion is sometimes referred to as *res judicata*. This Court will apply the terms "claim preclusion" and "issue preclusion" as opposed to the "more confusing lexicon" of merger, bar, res judicata, and collateral estoppel. *See Taylor v. Sturgell*, 553 U.S. 880, 128 (2008).

omitted). Thus, unlike claim preclusion, issue preclusion "does not require that both suits be based on the same cause of action." *Deflon v. Sawyers*, 137 P.3d 577, 582 (N.M. 2006) (quoting *Adams v. United Steelworkers of Am.*, 640 P.2d 475, 479 (N.M. 1982)). New Mexico recognizes both offensive and defensive issue preclusion. *Shovelin v. Cent. N.M. Elec. Co-op.*, 850 P.2d 996, 1000 (N.M. 1993). In New Mexico, a party asserting issue preclusion must show that (1) the adversely affected party was a party to the prior litigation, (2) the two causes of action are different, (3) the issue was actually litigated in the prior litigation, and (4) the issue was necessarily determined in the prior litigation. *Ideal v. Burlington Res. Oil & Gas Co. LP*, 233 P.3d 362, 365–66 (N.M. 2010). The Court must also determine if the adversely affected party had a full and fair opportunity to litigate the issue in the prior proceeding. *Shovelin*, 850 P.2d at 1000; *see also Deflon*, 640 P.2d at 583 ("The main concern is that a party against whom collateral estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior action.").

If either form of preclusion applies, the Court will grant partial summary judgment in the movant's favor. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1205 (10th Cir. 2001) (affirming grant of summary judgment based on preclusion). To prevail on a motion for summary judgment, the party arguing preclusion has the burden. *Id.* at 1211; *see also Silva v. State*, 745 P.2d 380, 384 (N.M. 1987). Because Lucero had every opportunity to present evidence that any plaintiff faced with a motion for summary judgment would have, the standard of review for this motion is the same as that of a motion for summary judgment. *See Matosantos Commercial Corp.*, 245 F.3d 1203, 1211 (10th Cir. 2001).

**III.     Discussion**

Lucero's claims are claim precluded. Claim preclusion bars the relitigation of claims that were, or should have been, raised in prior litigation. The four elements of claim preclusion as determined by New Mexico state courts are met here: (1) there was a final judgment in the prior action; (2) the earlier judgment was on the merits; (3) the parties in the two suits are the same; and (4) the cause of action is the same in both suits. The Trust was the plaintiff in the State Foreclosure Case. In that case, Ocwen's servicing on behalf of the Trust was at issue. Ocwen is now the defendant in the New State Case, the subject of which is also Ocwen's servicing of the Mortgage Loan on behalf of the Trust. Ocwen is in privity with the Trust on all claims arising from the Mortgage Loan. *See Francoeur v. U.S. Bank Nat'l Ass'n*, 643 F. App'x 701 (10th Cir. 2016).

The cause of action and the subject matter are also the same in both cases. To determine if two suits involve the same cause of action, New Mexico applies the transactional approach. *Potter*, 342 P.3d at 57.  As outlined in the Restatement (Second) of Judgments, the transactional approach analyzes whether, practically speaking, the claims are (1) related in space, time, origin, or motivation, (2) whether they form a convenient trial unit, and (3) whether treating the claims together would be consistent with the parties' expectations.  *Id.* All issues arising out of a "common nucleus of operative facts" are taken as a single cause of action. *Anaya v. City of Albuquerque*, 924 P.2d 735 (N.M. Ct. App. 1996).  The New Mexico Court of Appeals also held that "Section 24(2) of the *Restatement* directs [it] to consider: (1) the relatedness of the facts in time, space, origin, or motivation; (2) whether, taken together, the facts form a convenient unit for trial purposes; and (3) whether the treatment of the facts as a single unit conforms to the parties' expectations or business understanding or usage. *Id.* at 739. Lucero counter-claimed in

5

the State Foreclosure Case for breach of contract on the issues surrounding Ocwen's forced-placed escrow. The claims derived from the forced-placed escrow by Ocwen for payment of Lucero's delinquent property taxes, which resulted in an increased monthly payment and the ultimate overdraft. Lucero's claims could have and should have been brought in the initial State Foreclosure Case and are now barred from being brought here.

The State Court dismissed all of Lucero's claims with prejudice, and also dismissed all related claims that could have been filed but were not. (Doc. 7-1.) Lucero's present claims for fraud and extortion could have been filed in the State Foreclosure Case, and as such, they have already been dismissed with prejudice through the Final Judgment.

Ocwen offers further argument that even if Lucero's claim is not precluded, his claims for fraud and extortion also fail to state a claim on which relief could be granted because he failed to plead sufficient facts in support of the claims. The Court need not reach that analysis because the claims are barred.

### IV.   Conclusion

Lucero's Complaint is barred by claim preclusion and fails to state any claim upon which relief can be granted.

**THEREFORE**,

**IT IS ORDERED** that:

Ocwen's Motion to Dismiss with Prejudice (Doc. 7) is **GRANTED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**